

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: ASBESTOS PRODUCTS LIABILITY**
**LITIGATION (No. VI)**

| | | |
|---|---|---|
| Billy David Harris, et al. v. Ajax Boiler, Inc., et al., | ) | |
| W.D. North Carolina, C.A. No. 1:12-00311 | ) | MDL No. 875 |

**ORDER VACATING CONDITIONAL TRANSFER ORDER**

---

**Before the Panel:**[*]  Pursuant to Rule 7.1, plaintiffs in this Western District of North Carolina action (*Harris*) move to vacate our order conditionally transferring the action to MDL No. 875. Responding defendant Oakfabco Co. opposes the motion to vacate.

After considering all argument of counsel, we will grant the motion to vacate.  On November 21, 2012, we adopted the transferee judge's "Second Suggestion to the Panel on Multidistrict Litigation ('The Panel') Concerning Future Tag-Along Transfers" ("Second Suggestion").  In that Second Suggestion, the judge recommended that we cease transferring new tag-along asbestos actions commenced in seven jurisdictions, including all three North Carolina districts.[1]  In our order adopting the Second Suggestion, we stated that the order would apply to any actions of which we were notified on or after October 4, 2012 – the date the Second Suggestion was filed in the transferee district.  *See* Order Adopting Second Suggestion to the Panel Concerning Future Tag-Along Transfers, at 1 n.2 (J.P.M.L. Nov. 21, 2012) (doc. no. 9090).  Although the Panel was notified of the pendency of *Harris* on October 3, 2012 (*i.e.*, one day before the Second Suggestion was filed), we conclude that transferring the action – in February 2013 – on that technicality would not accord with the spirit of the Second Suggestion,[2] and is not otherwise warranted.[3]

---

[*]  Judge John G. Heyburn II took no part in the decision of this matter.

[1]  The other districts are the District of Connecticut, the Eastern District of New York, the Southern District of New York, and the District of North Dakota.

[2]  We note that the Second Suggestion is, in fact, dated October 3, 2012.

[3]  As we observed in our order adopting the transferee judge's first suggestion concerning future tag-along transfers in this docket, the parties involved in newly-filed asbestos actions not transferred to the MDL "should be able to avail themselves of the discovery already obtained in the MDL (subject, of course, to the same conditions, if any, imposed on parties in the MDL)."  *In re: Asbestos Prods. Liab. Litig. (No. VI)*, 830 F. Supp. 2d 1377, 1378-79 (J.P.M.L. 2011).  In addition, the judges presiding over such actions "will almost certainly find useful guidance in the many substantive

- 2 -

IT IS THEREFORE ORDERED that the Panel's conditional transfer order designated as "CTO-539" is vacated insofar as it relates to this action.

PANEL ON MULTIDISTRICT LITIGATION

Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.          Paul G. Barbadoro
Marjorie O. Rendell             Charles R. Breyer
Lewis A. Kaplan

---

and thoughtful rulings that have been issued during the lengthy course of the multidistrict proceedings." *Id.* at 1379.